UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MICHAEL BLOCKER,  **COMPLAINT**
                      Plaintiff,  **JURY TRIAL DEMANDED**

   -against-

THE CITY OF NEW YORK,
NYPD POLICE COMMISSIONER JAMES P. O'NEIL,
POLICE OFFICER DANIEL TWOHIG,
POLICE OFFICER SHALIMAR SCRIBNER,
SERGEANT SAMUEL HUI,
DETECTIVE CHRISTOPHE GALVEZ,
SERGEANT BILAL ATES,
and UNIDENTIFIED POLICE OFFICERS.

                      Defendants.
-------------------------------------------------------X

      Plaintiff MICHAEL BLOCKER, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION AND VENUE

      This action arises under federal law, more specifically pursuant to 42 U.S.C. §§ 1983 & 1988.

1.     Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Eastern District of New York, as events forming the basis of the Complaint occurred in this District and subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

## PARTIES

2.     At all times relevant plaintiff MICHAEL BLOCKER was a resident of the City and State of New York in the County of Kings and he is an African-American male.

3.     Defendant, the City of New York (NYC) is a Municipal Corporation within New York

State.

4. Pursuant to §431 of its Charter, NYC established and maintains the NYPD as a constituent department or agency.

5. NYPD POLICE COMMISSIONER JAMES P. O'NEIL, is sued herein in his official capacity only, and the remaining defendants are all sued in their capacity as individuals.

6. NYPD Commissioner O'Neil is the final decision maker for the NYPD and as a result, his decisions and failures to take action, constitute NYPD policy, which in this matter is a *de facto* policy.

7. NYPD Commissioner O'Neil, and his predecessor Commissioners were acting as state actors under color of law.

8. At all times relevant, NYC employed the defendants POLICE OFFICERS DANIEL TWOHIG, SHALIMAR SCRIBNER, SERGEANT SAMUEL HUI, DETECTIVE CHRISTOPHE GALVEZ, SERGEANT BILAL ATES, and UNIDENTIFIED POLICE OFFICERS and upon information all the named individual officers were working out of the 73rd Precinct in Brooklyn New York and they are sued here in their capacity as individuals.

## Nature of the Claim

9. Mr. Blocker was chased, hit by a police car, tazed, falsely arrested and denied medical care for several hours, due solely to the fact that is an African American male walking down the street in Brooklyn late at night.

## STATEMENT OF FACTS

10. On November 1, 2019 at approximately 1:00 am Mr. Blocker was walking towards 230 Newport Street in Brooklyn to attend a party when he saw a car come to a screeching halt and the people in the car yelled something at him, at which point, he ran.

11. He later learned the people in the car were police officers.

12. The police officers in the car did not at any time inform Mr Blocker they were cops.

13. Having previously been a victim of violence, Mr. Blocker was terrified and ran down Newport toward Thatford Avenue where he made a left turn and continued running.

14. It was raining out and Mr. Blocker had a sweatshirt with a hood placed on his head.

15. Shortly after Mr. Blocker turned onto Thatford Avenue, in an attempt to escape his unknown pursuers as he was crossing the street he was struck by the unmarked police vehicle.

16. After Mr. Blocker was struck by the car he was still able to continue to run a short distance.

17. Mr. Blocker was then struck from behind by a taser causing him to fall and hit various parts of his body on the ground and the curb causing him to be injured.

18. Shortly after he was tazed and had fallen, officers were on top of Mr. Blocker, further injuring the plaintiff, and handcuffing him.

19. The handcuffs were applied too tightly and despite his repeated requests the defendants refused to loosen the handcuffs which were causing Mr. Blocker additional injuries.

20. Mr. Blocker was bleeding and in pain, but nevertheless he was not immediately brought to hospital but instead he was taken in a police vehicle to the 73rd precinct.

21. Mr. Blocker was bleeding and repeatedly requesting medical care, but the officers who had not brought him directly to the hospital, in spite of Mr. Blocker being visibly in need of medical care, delayed calling for an ambulance while Mr. Blocker suffered and was in pain.

22. Finally, with Mr. Blocker visibly bleeding an ambulance was called to the precinct which brought him to Brookdale Hospital.

23. At Brookdale Hospital Mr. Blocker was still in handcuffs and in shackles.

24. Mr. Blocker was given sutures to close the wound to his head and multiple xrays and an

EKG were performed.

25. At Brookdale Hospital Mr. Blocker was noted to have incurred several injuries including laceration of the right eyebrow requiring suturing; a chest wall contusion; a taser dart injury to his lower back; left sided rib pain; head pain; neck pain; spine tenderness; an injury to his left hand; and a wrist injury.

26. After he was treated at Brookdale Mr. Blocker was brought back to the precinct where several excuses for his arrest were given to him.

27. Mr. Blocker was told there was a shooting on Watkins.

28. He was told that he had been parked in a car in front of a school where they saw him toss a gun which was fabricated.

29. Officers at the precinct interrogated him about where guns were and told Mr. Blocker he would be released if he could provide such information which he knew nothing about.

30. Finally, in the early evening Mr. Blocker was released without charges being brought and without being issued process or being brought to central booking.

31. Mr. Blocker had driven to the area where he was assaulted with the taser in his fiance's car.

32. When the car was returned several items had been stolen out of the car, including money, lottery tickets and new car mats among other items.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE FOURTH AMENDMENT
### VIA THE USE OF EXCESSIVE AND UNREASONABLE FORCE

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

34. Mr. Blocker's rights have been violated pursuant to the Fourth Amendment as made

applicable to the states via the Fourteenth amendment due to him being subjected to excessive and unreasonable force.

35. There was no reason to employ any force against Mr. Blocker much less the excessive and unreasonable force employed.

36. The police officers had no reason to strike Mr. Blocker with their vehicle which, upon information and belief, they did intentionally to stop him despite they had no reasonable belief he had committed a crime.

37. The defendants' actions caused plaintiff to sustain physical injuries, emotional harms, he lost time at work, he received medical treatment and he was otherwise harmed.

38. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

  

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF THE FOURTH AMENDMENT
## FALSE ARREST

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

40. Mr. Blocker's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment and pursuant to 42 U.S.C. § 1983, due to his being falsely arrested by the defendants.

41. The plaintiff was confined by defendants; defendants intended to confine the plaintiff; plaintiff was conscious of his confinement; and the plaintiff did not consent to the confinement which was not otherwise privileged.

42. As a direct consequence of defendants' actions, the plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

43. Among other invasions of his privacy, offenses to his dignity and violations of his rights, Mr. Blocker was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed, embarrassed and defamed by being placed in handcuffs he missed time at work, and he was otherwise harmed.

44. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

## AS AND FOR A THIRD CAUSE OF ACTION

**ON BEHALF OF PLAINTIFF
VIOLATION OF THE FOURTH AMENDMENT
VIA THE APPLICATION OF EXCESSIVELY TIGHT HANDCUFFS**

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

46. Mr. Blocker's rights have been violated pursuant to the Fourth Amendment as made applicable to the states via the Fourteenth amendment due to him being subjected to excessively and unreasonably tightened handcuffs.

47. There was no reason to handcuff Mr. Blocker at all and he was nevertheless handcuffed excessively tightly.

48. The defendants were on notice that Mr. Blocker's handcuffs were hurting him as they repeatedly informed him as well as due to the visible wrist injuries he sustained yet they refused to loosen the handcuffs.

49. The defendants' actions caused plaintiff to sustain physical injuries, emotional harms, he lost time at work, he received medical treatment and he was otherwise harmed.

50. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE FOURTH AMENDMENT
VIA THE DEFENDANTS' FAILURE TO INTERVENE**

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

52. Mr. Blocker's rights have been violated pursuant to the Fourth Amendment as made applicable to the states via the Fourteenth amendment due to him being subjected to excessive force, excessively and unreasonably tightened handcuffs and the denial of timely medical care due in part to the defendants' failure in their constitutional duty to intervene to prevent ongoing constitutional violations committed in their presence.

53. Defendants were aware of the violations of plaintiff's rights happening in their presence, they had a realistic opportunity to intervene to prevent the violaitons of plaintiff's rights from continuing and they declined to do so.

54. The defendants' actions and inactions caused plaintiff to sustain physical injuries, emotional arms, he lost time at work, he received medical treatment and he was otherwise harmed.

55. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
VIA THE DEFENDANTS' DENIAL OF TIMELY MEDICAL CARE**

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

57. Mr. Blocker's rights have been violated pursuant to the Fourth Amendment and Fourteenth amendments via the defendants' denying Mr. Blocker prompt, necessary, medical care.

58. Defendants were aware that Mr. Blocker had a head injury and was visibly bleeding and in pain

59. The defendants' actions and inactions caused plaintiff to suffer needlessly physically and emotionally.

60. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $100,000.00 (ONE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE FOURTH AMENDMENT
### VIA THE CITY OF NEW YORK
### i.e., MONELL CLAIM

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

62. NYC is liable to the plaintiff for having caused the violations of plaintiff's rights protected by the Fourth Amendment to the United States Constitution, more specifically his right to be free from the use of excessive and unreasonable force and to not be arrested without probable cause to believe he had committed a crime.

63. As a *de facto* policy, NYC tolerates members of the NYPD committing acts violating the Fourth Amendment, particularly against members of the African-American community.

64. NYC operates and controls a police department with numerous members, insensitive and hostile to the African-American community.

65. NYC operates and controls a police department with numerous members, insensitive to the rights of all citizens they are supposed to serve.

66. Recently African-American officers have spoken our regarding the disparate treatment the rank and file of the NYPD is instructed by their supervisors to subject African-Americans to.

67. Members of the NYPD are infrequently disciplined regarding the use of excessive force.

68. Members of the NYPD are infrequently disciplined regarding false arrests.

69. Members of the NYPD are infrequently disciplined regarding denial of medical care.

70. Members of the NYPD are not sufficiently trained and retrained when necessary in the necessity to afford African-Americans the same Fourth Amendment rights as are other people they encounter.

71. It has been the ongoing *de facto* policy of the NYPD to not penalize, discipline, retrain or terminate members of the SPD who engage in the use of excessive force.

72. Due to the *de facto* policy of the NYPD and nyc's tolerance thereof, and due to the deliberate indifference of the NYPD to its officers' bad acts plaintiff suffered the harms outlined herein.

73. By reason of the aforesaid, the plaintiffs has been damaged and he is entitled to compensatory damages in a sum of not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE,** plaintiff respectfully request that judgment be entered as follows:

(A) Declaratory relief finding that plaintiff Michael Blocker's rights under the United States Constitution were violated;

(B) Compensatory damages to be determined at trial in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in

an amount to be determined at trial;

(D)  An award to plaintiff of the costs and disbursements herein;

(E)  An award of attorneys' fees under 42 U.S.C. §1988; and

(F)  Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 11, 2019

          / s /
FRED LICHTMACHER
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiff
116 West 23rd Street, Suite 500
New York, New York 10011
Tel. No. (212) 922-9066

To:  The City of New York
New York City Corporation Counsel
100 Church Street
New York, NY 10007

NYPD POLICE COMMISSIONER JAMES P. O'NEIL
1 Police Plaza
New York, New York 10007

POLICE OFFICER DANIEL TWOHIG,
POLICE OFFICER SHALIMAR SCRIBNER,
SERGEANT SAMUEL HUI,
DETECTIVE CHRISTOPHE GALVEZ,
SERGEANT BILAL ATES,
73rd Precinct
1470 E New York Ave
Brooklyn, NY 11212