UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    19-6950 ENV SMG
----------------------------------------------------------------X  **AMENDED COMPLAINT**
MICHAEL BLOCKER and ROSALYNN MOORE               **JURY TRIAL DEMANDED**
                                        Plaintiffs

        -against-

THE CITY OF NEW YORK,
NYPD POLICE COMMISSIONER JAMES O'NEIL,
POLICE OFFICER DANIEL TWOHIG,
POLICE OFFICER SHALIMAR SCRIBNER,
SERGEANT SAMUEL HUI,
BRETT WOODARD, SHIELD # 27829 and
UNIDENTIFIED POLICE OFFICERS,
                                        Defendants.
----------------------------------------------------------------X

   Plaintiffs Michael Blocker and Rosalynn Moore, by their attorneys, the Law Office of Fred Lichtmacher P.C. as and for their Amended Complaint allege the following.

   This civil rights action arises from the unjustified use of excessive force, denial of medical care, application of overly tightened handcuffs, false arrest, conversion of property, negligence and denial of due process by the defendants NYPD police officers.

## JURISDICTION AND VENUE

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This action arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

4. Pursuant to 28 U.S.C. §1391(a) (1 & 2) (b) (1 & 2), venue is proper in the Eastern District of New York because events forming the basis of this Complaint occurred in this District.

5. Plaintiffs' state court claims are properly before this Court pursuant to 28 U.S.C. §1367.

**PARTIES**

6. At all times relevant, Plaintiff Michael Blocker, was a resident of the City and State of New York and the County of Kings.

7. At all times relevant, Plaintiff Rosalynn Moore, was a resident of the City and State of New York and the County of Kings.

8. Upon information and belief, at all times hereinafter mentioned, the CITY OF NEW YORK (hereinafter, NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, that at all times hereinafter mentioned, NYC, its agents, servants and employees operated, maintained and controlled the New York City Police Department (hereinafter, the NYPD), including all the police officers thereof.

10. Defendant NYPD Commissioner James O'Neil, was at all times relevant, the Commissioner of Police of the NYPD, and as such he was that agency's final decision maker and he is sued herein in his official capacity.

11. Defendant O'Neil was at all times relevant duly appointed and acting as an employee of the NYPD and at all times relevant he was a state actor acting under color of law.

12. Defendants Police Officer Daniel Twohig, Police Officer Shalimar Scribner, Sergeant Samuel Hui, Police Officer Brett Woodard and Unidentified Police Officers were at all times relevant acting as employees of the NYPD and as state actors acting under color of law and are sued herein in their individual capacities.

13. This action arises under the United States Constitution, particularly under the provisions

of the Fourth and Fourteenth Amendments and under the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as under the common law of the State of New York.

### **CONDITIONS PRECEDENT**

14. On or about December 24. 2019, and within ninety days after her claims arose, plaintiff Rosalynn Moore filed a Notice of Claim upon defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

15. The Notice of Claim was in writing and sworn to by the plaintiff, and contained the name and post office addresses where correspondence can be received by the plaintiff and by plaintiff's attorney.

16. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and damages and injuries claimed to have been sustained.

17. To date, no hearing pursuant to 50-h Hearing has been noticed or conducted.

18. More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

19. This action is commenced within one year and ninety days after the happening of the events upon which the state claims are based and within three years of when the plaintiffs' federal causes of action arose.

20. Defendant NYC is vicariously liable to the plaintiff Rosalynn Moore by the defendant police officers' common law torts via the principle of *respondeat superior*.

21. New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## Nature of the Claim

22. Mr. Blocker was chased, hit by a police car, tazed, subjected to excessive force, falsely arrested and denied medical care for several hours, due solely to the fact that is an African American male walking down the street in Brooklyn late at night.

23. Mr. Blocker had arrived at the scene with his fiancé's car, and said car was seized by the defendants, it was damaged by the defendants and several items from within the vehicle "disappeared" while it was in the defendants' custody and before it was returned.

## FACTS UNDERLYING PLAINTIFFS' CLAIMS FOR RELIEF

24. On November 1, 2019 at approximately 1:00 am Mr. Blocker was walking towards 230 Newport Street in Brooklyn to attend a party when he saw an unmarked car come to a screeching halt and the people in the car yelled something at him, at which point, he ran.

25. He later learned the people in the car were police officers.

26. Upon information and belief the people in the car were Defendants Police Officer Daniel Twohig, Police Officer Shalimar Scribner, Sergeant Samuel Hui and Police Officer Brett Woodard.

27. The police officers in the car did not at any time inform Mr Blocker they were cops.

28. Having previously been a victim of violence, Mr. Blocker was terrified and ran down Newport toward Thatford Avenue, where he made a left turn and continued running.

29. It was raining out and Mr. Blocker had a sweatshirt with a hood placed on his head.

30. Shortly after Mr. Blocker turned onto Thatford Avenue, in an attempt to escape his

unknown pursuers as he was crossing the street he was struck by the unmarked police vehicle.

31. After Mr. Blocker was struck by the car he was still able to continue to run a short distance.

32. Mr. Blocker was then struck from behind by a taser causing him to fall and hit various parts of his body on the ground and the curb causing him to be injured.

33. Shortly after he was tazed and had fallen, Defendants Police Officer Daniel Twohig, Police Officer Shalimar Scribner, Sergeant Samuel Hui and Police Officer Brett Woodard were on top of Mr. Blocker, further injuring the plaintiff, and handcuffing him.

34. The handcuffs were applied too tightly and despite his repeated requests, the defendants refused to loosen the handcuffs which were causing Mr. Blocker additional injuries.

35. Mr. Blocker was bleeding and in pain, but nevertheless he was not immediately brought to a hospital, and instead, he was taken in a police vehicle to the 73rd precinct.

36. Mr. Blocker was bleeding and repeatedly requesting medical care, but the officers who had not brought him directly to the hospital, in spite of Mr. Blocker being visibly in need of medical care, delayed calling for an ambulance while Mr. Blocker suffered and was in pain.

37. Finally, with Mr. Blocker visibly bleeding, an ambulance was called to the precinct hours after he was arrested, which brought him to Brookdale Hospital.

38. At Brookdale Hospital Mr. Blocker was still in handcuffs and in shackles.

39. Mr. Blocker was given sutures to close the wound to his head and multiple xrays and an EKG were performed.

40. At Brookdale Hospital Mr. Blocker was noted to have incurred several injuries including laceration of the right eyebrow requiring suturing; a chest wall contusion; a taser dart injury to his lower back; left sided rib pain; head pain; neck pain; spine tenderness; an injury to his left hand; and a wrist injury.

41. After he was treated at Brookdale Mr. Blocker was brought back to the precinct where several excuses for his arrest were given to him.

42. Mr. Blocker was told there was a shooting on Watkins.

43. He was told that he had been parked in a car in front of a school where they saw him toss a gun which was fabricated.

44. Officers at the precinct interrogated him about where guns were and told Mr. Blocker he would be released if he could provide such information which he knew nothing about.

45. Finally, in the early evening, Mr. Blocker was released without charges being brought and without being issued process or being brought to central booking.

46. Mr. Blocker had driven to the area where he was assaulted with the defendants' vehicle and taser and by being jumped on, in his fiancé's car.

47. Defendants with no legal reason or authority seized Ms. Moore's car.

48. When the car was finally returned several items had been stolen out of the car, including money, lottery tickets and new car mats among other items and Ms. Moore's car was damaged.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF MICHAEL BLOCKER
VIOLATION OF THE FOURTH AMENDMENT
VIA THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

49. Plaintiff Michael Blocker repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

50. Mr. Blocker's rights have been violated pursuant to the Fourth Amendment as made applicable to the states via the Fourteenth amendment due to him being subjected to excessive and unreasonable force.

51. There was no reason to employ any force against Mr. Blocker much less the excessive and unreasonable force employed.

52. The police officers had no reason to strike Mr. Blocker with their vehicle which, upon information and belief, they did intentionally to stop him despite not having a reasonable belief he had committed a crime.

53. There was no reason to taser Mr. Blocker from behind or to pile on top of him as the defendants proceeded to do after Mr. Blocker feell to the ground.

54. The defendants' actions caused plaintiff to sustain physical injuries, emotional harms, he lost time at work, he received medical treatment and he was otherwise harmed.

55. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF MICHAEL BLOCKER
VIOLATION OF THE FOURTH AMENDMENT**

## FALSE ARREST

56. Plaintiff Michael Blocker repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

57. Mr. Blocker's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment and pursuant to 42 U.S.C. § 1983, due to his being falsely arrested by the defendants.

58. The plaintiff was confined by the defendants; the defendants intended to confine the plaintiff; plaintiff was conscious of his confinement; and the plaintiff did not consent to the confinement which was not otherwise privileged.

59. As a direct consequence of defendants' actions, the plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

60. Among other invasions of his privacy, offenses to his dignity and violations of his rights, Mr. Blocker was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed, embarrassed and defamed by being placed in handcuffs he missed time at work, and he was otherwise harmed.

61. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $300,000.00 (THREE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC

§1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF MICHAEL BLOCKER
## VIOLATION OF THE FOURTH AMENDMENT
## VIA THE APPLICATION OF EXCESSIVELY TIGHT HANDCUFFS

62. Plaintiff Michael Blocker repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

63. Mr. Blocker's rights have been violated pursuant to the Fourth Amendment as made applicable to the states via the Fourteenth amendment due to him being subjected to excessively and unreasonably tightened handcuffs.

64. There was no reason to handcuff Mr. Blocker at all and he was nevertheless handcuffed excessively tightly.

65. The defendants were on notice that Mr. Blocker's handcuffs were hurting him as he repeatedly informed them the handcuffs were too tight and Mr. Blocker had sustained visible wrist injuries yet the defendants refused to loosen the handcuffs.

66. The defendants' actions caused plaintiff to sustain physical injuries, emotional harms, he lost time at work, he received medical treatment and he was otherwise harmed.

67. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF MICHAEL BLOCKER
## VIOLATION OF THE FOURTH AMENDMENT
## VIA THE DEFENDANTS' FAILURE TO INTERVENE

68. Plaintiff Michael Blocker repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

69. Mr. Blocker's rights have been violated pursuant to the Fourth Amendment as made applicable to the states via the Fourteenth amendment due to him being subjected to excessive force, excessively and unreasonably tightened handcuffs and the denial of timely medical care due in part to the defendants' failure in their constitutional duty to intervene to prevent ongoing constitutional violations committed in their presence.

70. Defendants were aware of the violations of plaintiff's rights happening in their presence, they had a realistic opportunity to intervene to prevent the violations of plaintiff's rights from continuing and they declined to do so.

71. The defendants' actions and inactions caused plaintiff to sustain physical injuries, emotional arms, he lost time at work, he received medical treatment and he was otherwise harmed.

72. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF MICHAEL BLOCKER
### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
### VIA THE DEFENDANTS' DENIAL OF TIMELY MEDICAL CARE

73. Plaintiff Michael Blocker repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

74. Mr. Blocker's rights have been violated pursuant to the Fourth Amendment and Fourteenth amendments via the defendants' denying Mr. Blocker prompt, necessary, medical care.

75. Defendants were aware that Mr. Blocker had a head injury and was visibly bleeding and in pain.

76. The defendants' actions and inactions caused plaintiff to suffer needlessly physically and emotionally.

77. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $100,000.00 (ONE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
### VIA THE CITY OF NEW YORK
### i.e., MONELL CLAIM

78. Plaintiffs Michael Blocker and Rosalynn Moore repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

79. NYC is liable to plaintiff Michael Blocker for having caused the violations of his rights protected by the Fourth Amendment to the United States Constitution, more specifically his right to be free from the use of excessive and unreasonable force and to not be arrested without probable cause to believe he had committed a crime.

80. As a *de facto* policy, NYC tolerates members of the NYPD committing acts violating the Fourth Amendment, particularly against members of the African-American community.

81. NYC operates and controls a police department with numerous members, insensitive and hostile to the African-American community.

82. NYC operates and controls a police department with numerous members, insensitive to the rights of all citizens they are supposed to serve.

83. Recently, African-American officers have spoken our regarding the disparate treatment the rank and file of the NYPD is instructed by their supervisors to subject African-Americans to.

84. Members of the NYPD are infrequently disciplined regarding the use of excessive force.

85. Members of the NYPD are infrequently disciplined regarding false arrests.

86. Members of the NYPD are infrequently disciplined regarding denial of medical care.

87. Members of the NYPD are not sufficiently trained and retrained when necessary in the necessity to afford African-Americans the same Fourth Amendment rights as are other people they encounter.

88. It has been the ongoing *de facto* policy of the NYPD to not penalize, discipline, retrain or terminate members of the NYPD who engage in the use of excessive force.

89. Due to the *de facto* policy of the NYPD and NYC's tolerance thereof, and due to the deliberate indifference of the NYPD to its officers' bad acts Michael Blocker suffered the harms outlined herein.

90. The NYPD regularly tolerates the theft and destruction of property belonging to minorities it encounters.

91. The NYPD has made no effort to curtail the theft and destruction of minority owned property by members of the NYPD resulting in Ms. Moore's harms.

92. By reason of the aforesaid, the plaintiff Mr. Blocker has been damaged and he is entitled to compensatory damages in a sum of not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and Ms. Moore has been harmed and is entitled to $25,000.00 (TWENTY FIVE THOUSAND) DOLLARS and plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**AS AND FOR A SEVENTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF ROSALYNN MOORE
VIOLATION OF THE STATE LAW OF NEW YORK
VIA CONVERSION**

93. Plaintiff Rosalynn Moore repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

94. NYC is liable to the plaintiff Rosalynn Moore for the conversion of her property that being the damage to her car and the theft of items within the car.

95. The Claimant, Rosalynn Moore had her car towed by the NYPD and several items stolen by the NYPD without cause to tow the car or seize and not return several items.

96. The car was seized by the NYPD on November 1, 2019 and returned days later.

97. When Ms. Moore finally received the car back her mats were gone, her money approximately $15 was gone, her $250 in winning lottery tickets were gone, her laundry detergent and bleach were gone and the car was in bad working order including but not limited to the amount of gas in the tank no longer registering.

98. Repairs to the car will cost at a bare minimum $800.

99. Due to the conversion plaintiff Rosalynn Moore lost her property and she was damaged in the amount of $5,000 and she is entitled an award of punitive damages as well as to an award of costs.

**AS AND FOR AN EIGHTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF ROSALYNN MOORE
VIOLATION OF THE STATE LAW OF NEW YORK
NEGLIGENCE**

100. Plaintiff Rosalynn Moore repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

101. NYC is liable to the plaintiff Rosalynn Moore for the negligence of its employees and agents in damaging her vehicle and either stealing, or allowing the items within to be stolen, which was exclusively within NYC's custody and control.

102. Defendant owed a duty of care to Ms. Moore to secure her vehicle and because NYC failed in that duty, plaintiff's vehicle was damaged.

103. Defendant had a duty of care to keep secure Ms. Moore's property within said vehicle and because NYC failed in that duty Ms. Moore was damaged.

104. Due to NYC's negligence plaintiff Rosalynn Moore was damaged in the amount of $5,000 and she is entitled to an award of costs.

**AS AND FOR AN NINTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF ROSALYNN MOORE
VIOLATION OF HER FOURTEENTH AMENDMENT RIGHTS
VIA THE SEIZURE OF HER PROPERTY
WITHOUT DUE PROCESS OF LAW**

105. Plaintiff Rosalynn Moore repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

106. Plaintiff Moore's rights were violated pursuant to the due process clause of the Fourteenth Amendment due to the illegal seizure of her car and disappearance and destruction of her property by the individual defendants.

107. Ms. Moore was deprived of her property illegally, without due process, and without legal justification, and is so doing she was thereby damaged.

108. Ms. Moore was damaged pecuniarily, in her ability to take care of her children, and not only was she deprived of the use of her car for a time, but upon its return it was newly damaged and she is inconvenienced and she will incur pecuniary damages to repair it.

109. By reason of the aforesaid, the plaintiff Ms. Moore has been damaged and she is entitled to compensatory damages in a sum of not less than $25,000.00 (TWENTY FIVE THOUSAND) DOLLARS and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE,** plaintiffs respectfully request that judgment be entered as follows:

(A) Declaratory relief finding that plaintiff Michael Blocker's and plaintiff Rosalynn Moore's rights under the United States Constitution were violated;

(B) Compensatory damages to Michael Blocker to be determined at trial in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS in compensatory damages in the amount of $25,000.00 (TWENTY FIVE THOUSAND) DOLLARS to Rosalynn Moore;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in an amount to be determined at trial;

(D) An award to plaintiffs of the costs and disbursements herein;

(E) An award of attorneys' fees under 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
August 24, 2020

        /s/
FRED LICHTMACHER
The Law Office of Fred Lichtmacher P.C.
Attorney for Plaintiff
116 West 23rd Street, Suite 500
New York, New York 10011
Tel. No. (212) 922-9066

To:   The City of New York and the NYPD Police Commisioner
New York City Corporation Counsel
100 Church Street

    New York, NY 10007

To: POLICE OFFICER DANIEL TWOHIG,
   POLICE OFFICER SHALIMAR SCRIBNER,
   SERGEANT SAMUEL HUI,
   POLICE OFFICER BRETT WOODARD
   73rd Precinct
   1470 E New York Ave
   Brooklyn, NY 11212